IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RICHARD REYNOLDS, SHARON LINICK, LINDA NEELY, JOSEPH SCHUBERT, and DOREEN MASTANDREA, JONATHAN ANDERSON, STEVEN BRADLEY, GERRY CONKLIN, JENNIFER CRAWFORD, DANIEL DELPRIORA, JOHN MAYNARD, APRIL MCLEAN, MIKE SMITH, WILLIAM SUITT, DONNA WEINBERG, LARRY MARSHALL, MICHELLE JOHNSON, and EDMUNDO VELASCO, Individually and on behalf of other employees similarly situated, | C.A. NO. 4:14-cv-2261-PMD |
| Plaintiffs, | |
| v. | |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC. | |
| Defendant. | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>ON DEFENDANTS' AFFIRMATIVE DEFENSES</u>**

COME NOW RICHARD REYNOLDS, SHARON LINICK, LINDA NEELY, JOSEPH SCHUBERT, and DOREEN MASTANDREA, *et al*, ("Plaintiffs") before the Court and submit this their Motion for Partial Summary Judgment on WYNDHAM VACATION RESORTS INC.'s and WYNDHAM VACATION OWNERSHIP, INC.'s affirmative defenses. This motion

relates to Plaintiffs' Second Amended Complaint (Dkt. No. 61) and Wyndham's Answer thereto (Dkt. No. 64).

## I. PROCEDURAL POSTURE

### A. *Summary of Pending Matters*

The following motions are pending before the Court:

1. Plaintiffs' Motion to Compel, Dkt. No. 61
2. Plaintiff's Motion for Conditional Certification, Dkt. No. 69
3. Defendants' Motion to Compel, Dkt. No. 71
4. Plaintiffs' Motion to Amend the Scheduling Order, Dkt. No. 75
5. Plaintiffs' Motion to Quash Third Party Subpoenas, Dkt. No. 78
6. Defendants' Motion for Summary Judgment, Dkt. No. 96

By filing this motion, Plaintiffs do not concede that it is an appropriate time to move for summary judgment on any claims or defenses in this case. As referenced in Plaintiffs' Motion to Compel, discovery is not complete because Wyndham is withholding relevant, probative documents and information. Furthermore, additional class-based discovery will be needed if the Plaintiffs' Motion for Conditional Certification is granted. However, while the Court has reset the trial for this case to the January 2016 term of court, no updated scheduling order has been issued. Therefore, Plaintiffs are entering this motion in order to file it timely according to the most recent Docket Control Order in effect. Finally, Plaintiffs submit that nothing in this motion should have any bearing on the Court's consideration of their motion for conditional collective certification pursuant to §216(b).

### B. *Factual Background*

Plaintiffs filed this action to recover overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. As permitted by the FLSA, Plaintiffs bring this action on behalf of themselves and the following Potential Class:

> "All current and former employees who held the title of "Sales Representative" or the equivalent who (1) sold timeshare properties, and (2) worked more than forty (40) hours per week without receiving overtime wages at the Myrtle Beach locations of Wyndham Vacation Resorts, Inc."

Plaintiffs contend that they were subject to the same company-wide policy of performing off-the-clock work. Plaintiffs also maintain that the time clock records kept by Defendant do not accurately reflect all the hours they worked, because they were altered by Wyndham supervisors and managers. The Plaintiffs have moved for conditional certification and submitted evidence in the form of affidavits, deposition testimony, and documents produced in discovery to support these claims. *See* Dkt. No. 69 and attachments. As a result, they have produced evidence sufficient to defeat several of Wyndham's affirmative defenses on summary judgment.

### C. Summary Judgment Standard

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); FED.R.CIV.P. 56(c). The party seeking summary judgment initially must demonstrate the absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, *see id.,* but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (quoting FED. R.CIV.P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. *Faircloth v. United States,* 837 F.Supp. 123, 125 (E.D.N.C.1993). Rather, a court reviewing a claim at the *704 summary judgment stage

must determine whether a genuine issue of material fact exists for trial. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

In making this determination, a court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505 (explaining a genuine issue exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party). Accordingly, a court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. *Faircloth,* 837 F.Supp. at 125. When considering cross-motions for summary judgment, a court evaluates each motion separately on its own merits using the standard set forth above. *See Rossignol v. Voorhaar,* 316 F.3d 516, 522 (4th Cir.2003); *accord Local 21971 of Pace Int'l Union v. Cooper,* 364 F.Supp.2d 546, 554 (W.D.N.C.2005).

### D. <u>Many of Wyndham's Defenses Are Improperly Asserted</u>

An affirmative defense is a matter asserted by a defendant that operates to defeat a claim, even if the facts supporting the claim are true. Affirmative defenses must comply with the general pleading requirements of Fed.R.Civ.P. 8(a), which requires "a short and plain statement" of the asserted defense. Fed.R.Civ.P. 8(a). The rule does not obligate a defendant to set forth detailed and particular facts, but requires only that the defendant give "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Recent cases of the Supreme Court have made it clear that a trial judge has an obligation to prevent "factually unsupported claims and defenses" from proceeding to trial.

*Celotex Corp. v. Catrett*, *supra*; *Anderson v. Liberty Lobby*, *supra*; *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.*, *supra*. The mere incorporation of preceding allegations does not constitute a defense.

In this case, Wyndham has raised twenty-three (23) affirmative defenses. Many of these defenses are improper because they are mere legal assertions without any supporting facts. Wyndham has provided no evidence competent to support its boilerplate affirmative defenses. Therefore, Plaintiffs move for summary judgment on Wyndham's improper defenses. In the interest of judicial efficiency, Wyndham should not be allowed to plead affirmative defenses upon which there exists no genuine issue of material fact. Additionally, due to the frivolous nature of these defenses, Plaintiffs do not anticipate that further discovery will yield any genuine issues of material fact. In the alternative, the Sixth, Eighth, Ninth, Tenth, Eleventh, Eighteenth, and Twentieth Defenses should be stricken with prejudice for failure to properly plead, since Wyndham has not pled facts sufficient to put Plaintiffs on notice of these defenses.

## II.     ARGUMENT AND AUTHORITY

### A.     Sixth Defense: False and Inaccurate Time Reports

In its Sixth Defense, Wyndham has alleged in ¶85 of its Answer that the plaintiffs' claims under the FLSA are barred to the extent that plaintiffs, or any other person on whose behalf plaintiffs seek to assert a claim, have submitted false and inaccurate time reports. Wyndham has not pleaded any facts to support this allegation. Therefore, the Court should enter partial summary judgment in favor of the plaintiffs as to the Sixth Defense.

### B.     Eighth Defense: Mitigation of Damages

In its Tenth Defense, Wyndham has alleged in ¶87 of its Answer that any recovery by plaintiffs should be limited to the extent that plaintiffs have failed to mitigate any of the damages alleged in the Amended Complaint. Dkt. No. 64. The Defendants have not provided any evidence related to the Plaintiffs' alleged failure to mitigate. Even if they had, under relevant case authority, this is legally insufficient under the FLSA. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d at 1319 (striking same defense as legally insufficient as a matter of law).

Several courts have found that as a matter of law, the FLSA imposes no duty on employees to mitigate their damages. *Tran v. Thai et al*, No. 4:08-cv-03650 (S.D. Tex. December 16, 2010) (granting summary judgment on a failure to mitigate affirmative defense because there is no duty to mitigate overtime wages under the FLSA, and such a duty would contradict the central purpose of the FLSA); *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 WL 3583881, at *3 (M.D.Fla. Oct.27, 2009); *see also Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 WL 2391233, at *3 (S.D.Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful pay practice); *Lopez v. Autoserve LLC*, No. 05 C 3554, 2005 WL 3116053, at *2 (N.D.Ill. Nov.17, 2005) (granting the plaintiff's motion to strike mitigation-of damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Perez-Nunez v. North Broward Hosp. Dist.*, No. 008-61583-CIV, 2009 WL 723873, at *2 (S.D.Fla. Mar.13, 2009) (granting motion to strike the mitigation-of-damages affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violations to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA). Because there is no

duty to mitigate damages, then the affirmative defense fails as a matter of law. Partial summary judgment should be granted against Wyndham on this defense.

### C. <u>Ninth, Tenth and Eleventh Defenses: Unclean Hands, Laches, Waiver, and Estoppel</u>

In its Ninth Defense, Wyndham has alleged in ¶88 of its Answer that the plaintiffs are not entitled to any requested relief according to the doctrine of unclean hands. Dkt. No. 64. It is unclear whether unclean hands is a valid defense in an FLSA case. To the extent that other courts have allowed this defense, it is only proper in the narrow context where Defendant can demonstrate that the plaintiff's wrongdoing is directly related to the plaintiff's claim, and the defendant can show it was personally injured by plaintiff's conduct. *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993).

Here, Wyndham does not allege which Plaintiffs have unclean hands, therefore failing to put them on proper notice of its defense. Wyndham does assert that Plaintiffs "deliberately underreported their work hours to avoid being sent home as they approached forty hours in a work week." However, the Plaintiffs produced sworn declarations and deposition testimony that such "underreporting" was at the direct and indirect urging of their supervisors—and in some cases, it was the result of time card manipulation by those same supervisors. *See* Dkt. No. 69-1, 69-2.The declaration of non-party Brook Conklin, a former manager for Wyndham, confirmed those allegations in their entirety. Dkt. No. 69-2. On the other hand, Wyndham has not provided any rebuttal evidence from the Plaintiffs' managers. Therefore, partial summary judgment in the Plaintiffs' favor regarding the Ninth Defense of unclean hands is warranted.

In its Tenth and Eleventh Defenses, Wyndham has alleged in ¶90-91 of its Answer that the plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver and

equitable estoppel. Dkt. No. 64.  However, other courts have found that the affirmative defenses of laches, waiver and estoppel are legally insufficient as a matter of law. *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d at 1319-20 (striking laches, waiver and estoppel defenses as legally insufficient as a matter of law).

First, the doctrine of laches does not apply to congressional acts providing a statute of limitations, such as the FLSA. *See Mullis v. Universal Select, Inc*., No. 97-1220-Civ-J-21A, 1997 WL 827408, at *2 (M.D.Fla. Dec.15, 1997); *Fleming v. Carpenters/Contractors Cooperation Comm., Inc*., 834 F.Supp. 323, (S.D.Cal.1993), rejected on other grounds in, *Barner v. City of Novato*, 17 F.3d 1256 (9th Cir.1994). The FLSA requires claims for unpaid overtime compensation under the FLSA to be brought within two years of the violation, except that in cases involving willful violations of the FLSA, the limitations period is extended to three years. 29 U.S.C. § 255(a). Because the FLSA establishes a statute of limitations, Wyndham's laches defense is improper.

Second, the rights provided under the FLSA, cannot be contractually abridged or otherwise waived by an employee because a waiver would "nullify the purposes" of the statute and the legislative policies it was designed to effectuate. *See, Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Taylor v. Progress Energy, Inc*. 493 F. 3d 454 (4th Cir. App. 2007) The FLSA's general aim of counteracting the unequal bargaining power of employers over their employees forbids the waiver of minimum and overtime wages. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S.Ct. 895, 89 L.Ed. 1296 (1945). Accordingly, waiver is usually not a recognized affirmative defense under the FLSA, nor is a release of FLSA rights valid.

Third, like waiver and release, the doctrine of estoppel is not recognized under the FLSA. *See Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir.1959). Federal courts have repeatedly rejected equitable estoppel as an affirmative defense to an FLSA action, even where an employee is required, but fails to, record overtime hours worked. *See, e.g., Burry v. Nat'l Trailer Convoy, Inc.*, 338 F.2d 422, 426-27 (6th Cir.1964); *Handler v. Thrasher*, 191 F.2d 120, 123 (10th Cir.1951). Finally, the only type of equitable estoppel defense recognized by courts is the "Good Faith Defense" of the Portal to Portal Act of 1947, 29 U.S.C. § 259, which protects an employer from FLSA liability if it relied on an opinion in writing from the Administrator of the Wage and Hour Division. Accordingly, the estoppel defense is legally invalid.

Wyndham has not provided any admissible evidence to support the its Tenth and Eleventh affirmative defenses of laches, nor has it pled any facts sufficient to put Plaintiffs on notice of this defense. The applicable case law suggests that these defenses are not valid as to FLSA claims. Therefore, summary judgment should be granted in favor of Plaintiffs.

### D. <u>Eighteenth Defense: Breach of Fiduciary Duty</u>

In ¶97 of its answer, Wyndham pleads that Plaintiffs' claims are barred, in whole or in part, because "Plaintiffs and some or all of the collective action members breached their fiduciary duty and/or duty of loyalty to Defendants." Whether there is a fiduciary relationship between two people is an equitable issue. *Island Car Wash, Inc. v. Norris*, 292 S.C. 595, 358 S.E.2d 150 (Ct.App.1987). Generally, legal issues are for the determination of the jury and equitable issues are for the determination of the court. *Id*. "A confidential or fiduciary relationship exists when one imposes a special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one imposing the confidence." *O'Shea v. Lesser*, 308 S.C. 10, 15, 416 S.E.2d 629, 631 (1992) (citing

*Island Car Wash* at 152). "Historically, [the South Carolina Supreme Court] has reserved imposition of fiduciary duties to legal or business settings, often in which one person entrusts money to another, such as with lawyers, brokers, corporate directors, and corporate promoters." *Hendricks v. Clemson University*, 353 S.C. 449, 450-460 (2003).

It is unnecessary for the Court to determine whether Wyndham has raised a genuine issue of material fact as to this defenses, because it is actually a matter of law. Moreover, as sales representatives, the Plaintiffs do not fall into the category of individuals for whom a fiduciary relationship exists. The defense of breach of fiduciary duty is frivolous. The Court should therefore grant partial summary judgment against Wyndham as to its Eighteenth Defense.

### E.  *Twentieth Defense: Good Faith*

Wyndham pleads in ¶99 of its Answer that "all decisions regarding Plaintiffs' compensation were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA." However, it provides no evidence in support of its reliance. The FLSA entitles a plaintiff to liquidated damages in the full amount of unpaid wages unless the defendant satisfies the court (i) that the defendant acted in good faith and (ii) that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA. 29 U.S.C. §§ 216 and 260. *Truslow v. Spotsylvania County Sheriff*, 783 F.Supp. 274, 279 (E.D.Va. 1992); *see also Mireles v. Frio Foods, Inc.*, 899 F.2d 1407 (5th Cir.1990). The burden of proof in this regard is on defendants. *See Burnley v. Short*, 730 F.2d 136 (4th Cir. 1984). A court may still award liquidated damages even where a defendant demonstrates good faith and reasonable grounds. *See* 29 U.S.C. § 260; *Hayes v. McIntosh*, 604 F.Supp. 10 (N.D.Ind.1984).

Title 29 U.S.C. section 259 provides, in relevant part, that:

> no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the [FLSA] . . . if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation, of the agency of the United States specified in subsection (b) of this section, or any administrative practice or enforcement policy of such agency with respect to the class of employers to which he belonged. 29 U.S.C. § 259.

This good faith defense is an objective test that bars actions for violations of the overtime provision of the FLSA, if the employer establishes "that the act or omission complained of was (1) taken in good faith and was (2) in conformity with and (3) in reliance on a written administrative interpretation by a designated agency." *Cole v. Farm Fresh Poultry, Inc.*, 824 F.2d 923, 926 (11th Cir. 1987); s*ee also Int'l Ass'n of Firefighters, Local 349 v. City of Rome, Ga.*, 682 F. Supp. 522, 532 (N.D. Ga. 1988) ("The showing of objective good faith alone is insufficient: the employer must also show that it acted in actual conformity with and in reliance on written agency interpretation.") (internal citations and quotations omitted). The law is clear that the section 259 good faith defense requires reliance on a written administrative statement, *Nelson v. Ala. Institute for Deaf & Blind*, 896 F. Supp. 1108, 1114 (N.D. Ala. 1995), and for an employer to rely upon an administrative interpretation, that interpretation "must provide a clear answer to the particular situation . . . ." *Cole*, 824 F.2d at 928. "The agency designated to provide interpretations of the FLSA is the Administrator of the Wage and Hour Division of the Department of Labor." *Id*. at 926; *see also* 29 U.S.C. § 259(b)(1). Further, "in the case of the FLSA, the Administrator must provide the written administrative interpretation in order to qualify for relief under section 259." *Cole*, 824 F.2d at 930.

Here, Wyndham has done nothing more than make a conclusory statement asserting its good faith. In response to Plaintiffs Interrogatory No. 10, which asked what authorities it relied upon, Wyndham stated generally that its compensation plans and policies are "based upon and

drafted in accordance with" the FLSA and applicable regulations, as well as the DOL Wage and Hour Division Field Operations Handbook. In response to the corresponding Request for Production No. 9, Wyndham cited to the pay records and time records it produced for Plaintiffs Sharon Linick, Linda Neely, Richard Reynolds, and Joseph Schubert. Wyndham has not supplemented its response to these discovery requests for the other plaintiffs who have joined this case. Nor has Wyndham provided a single administrative interpretation upon which it relied. The Defendants have failed to raise a genuine issue of material fact as to their good faith, much less provided a basis for asserting their affirmative defense. Wyndham should not be able to assert its Twentieth Defense at trial.

### III.    PRAYER

The Plaintiffs pray that the court will grant summary judgment against Wyndham as to their Sixth, Eighth, Ninth, Tenth, Eleventh, Eighteenth, and Twentieth Affirmative Defenses. In the alternative, Plaintiffs pray that the Court will strike the Sixth, Eighth, Ninth, Tenth, Eleventh, Eighteenth, and Twentieth Defenses with prejudice for failure to properly plead, since this motion illustrates that Wyndham has not pleaded facts sufficient to put Plaintiffs on notice of these defenses.

Respectfully submitted,

/S/William J. Luse
William J. Luse
Federal I.D: 9736
917 Broadway Street
Myrtle Beach, SC 29577

            Telephone: 843-455-6049
            Facsimile: 843-839-9831

            Trang Q. Tran, *Pro Hac Vice*
            Federal I.D. 20361
            TRAN LAW FIRM, L.L.P.
            9801 Westheimer Road, Suite 302
            Houston, Texas 77042
            Telephone: (713) 223-8855
            Facsimile: (713) 623-6399
            E-mail:ttran@tranlawllp.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on Thursday, September 3, 2015 in the following manner.

**VIA EMAIL AND FAX**

Chase Samples
Chase.samples@jacksonlewis.com
D. Christopher Lauderdale
lauderdc@jacksonlewis.com
Jackson | Lewis LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, SC 29601
Fax: 864-235-1381

            /S/Trang Q. Tran
            Trang Q. Tran