IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RICHARD REYNOLDS, SHARON LINICK, LINDA NEELY, JOSEPH SCHUBERT, and DOREEN MASTANDREA, JONATHAN ANDERSON, STEVEN BRADLEY, GERRY CONKLIN, JENNIFER CRAWFORD, DANIEL DELPRIORA, JOHN MAYNARD, APRIL MCLEAN, MIKE SMITH, WILLIAM SUITT, LARRY MARSHALL, MICHELLE JOHNSON, and EDMUNDO VELASCO, Individually and on behalf of other employees similarly situated,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC.<br><br>　　　　　　　Defendants. | C.A. NO. 4:14-cv-2261-PMD |

## **<u>DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF<br>THEIR MOTION FOR SUMMARY JUDGMENT</u>**

Defendants Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. (collectively "Defendants" or "Wyndham"), by and through their undersigned counsel, submit this Reply Memorandum in Support of their Motion for Summary Judgment. For the reasons discussed below, Plaintiffs have failed to point to any disputes of material fact that would preclude summary judgment to Wyndham. In particular:

- It is undisputed that Plaintiffs' failed to perfect their claims until they filed consents with the Court on October 1, 2015. Accordingly, the claims of most Plaintiffs are completely time barred.

- The record clearly establishes that Wyndham failed to waive the argument that Reynolds' claims are barred by his bankruptcy filing

- On the issue of willfulness, Plaintiffs concede that the applicability of the 7(i) exemption is an issue of first impression, which effectively establishes that Wyndham has not willfully violated the FLSA

- Plaintiffs are exempt from the FLSA during certain weeks of their employment because Wyndham's business is a retail or service establishment

- Wyndham is entitled to summary judgment on Plaintiffs' claims during those weeks in which they admitted they had no overtime or minimum wage claim

Accordingly, as discussed further below and in Wyndham's Memorandum in Support of Their Motion for Summary Judgment, Defendants' Motion should be granted.

I.  **PLAINTIFFS FAIL TO MEANINGFULLY RESPOND TO DEFENDANTS' ARGUMENTS THAT THEIR CLAIMS ARE TIME BARRED AND FAIL TO RAISE ANY GENUINE ISSUE OF FACT IN RESPONSE TO WYNDHAM'S MOTION FOR SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

Plaintiffs' arguments in response to Wyndham's Motion For Summary Judgment with regard to Plaintiffs' time barred claims flagrantly misstate the law and completely fail to address the issue before the Court.

Plaintiffs contend that "all the Plaintiffs in question joined this lawsuit as named Plaintiffs in a timely manner and are pursuing their claims for unpaid wages in their individual capacity and on behalf of similarly situated individuals . . . .  Therefore, they are already parties to the lawsuit, regardless of whether their consent forms have been filed."  (ECF No. 103, p. 2.) Plaintiffs make this argument notwithstanding numerous other representations to the Court which acknowledge that claimants in an FLSA action are not parties until they have filed a written consent.  In fact, Plaintiffs cite the statute a mere five pages later in their brief, observing

2

that "[A]n action is considered commenced under the FLSA 'on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and his written consent to become a party plaintiff is filed on such date* in the court in which the action is brought' or '*if such written consent was not so filed* or if his name did not so appear *on the subsequent date on which such written consent is filed* in the court in which the action was commenced.'" (ECF No. 103 at 7 (quoting 29 U.S.C. §§ 256(a), 216(b)) (emphasis added).[1] Plaintiffs also acknowledged the applicability of the written, filed consent requirement in their Memorandum in Support of their Motion for Collective Action Certification. (ECF No. 69, p. 21.) Notwithstanding these statements to the Court, Plaintiffs now argue that they have been parties to this action even before written consents were filed on their behalf. This contention must be rejected because the language of the statute is clear on this point, as numerous Fourth Circuit authorities have recognized.

Plaintiffs' contentions simply ignore controlling Fourth Circuit precedent (*see* authorities cited in Defendants' principal brief. ECF No. 96-1 at pp. 12-14). Similarly, as the Seventh Circuit has plainly stated, "If you haven't given your written consent to join the suit, or if you have but it hasn't been filed with the court, you are not a party . . . . The rule requires[s] written,

---

[1] Plaintiffs' contention that this case has, at any time, been an individual action is belied by the record. *See* Complaint, ECF No. 1 at 1 (captioned "Plaintiffs Original Collective Action Complaint" and ¶ 1 "Plaintiffs bring a collective action to recover unpaid overtime wages …"; and containing no individual allegations other than allegations of each plaintiff's residence); ECF No. 37 at 1 (captioned "Plaintiffs First Amended Collective Action Complaint" and also devoid of individual allegations); ECF No. 61 at 1 (captioned "Plaintiffs Second Amended Collective Action Complaint" and again devoid of individual allegations); ECF No. 69 (Plaintiffs' Motion for Conditional Class Certification). In fact, earlier in this litigation Plaintiffs opposed Wyndham taking the depositions of the then 15 named Plaintiffs on the ground that "representative discovery is appropriate." Plaintiffs argued, "[t]he purpose of 29 U.S.C. § 216(b) is to allow the claims of similarly situated employees to be settled at the same time. The depositions taken are a sample which produces information and evidence that are *representative of the class*, and the use of representative samples of plaintiffs for discovery in wage and hour cases is generally permitted." (ECF No. 56 at 4 (emphasis added).)

filed consent." *Harkins v. River Boat Services, Inc.*, 385 F.3d 1099 (7th Cir. 2004). Plaintiffs' argument that they have brought this action in both their individual and representative capacities was specifically rejected by the Fourth Circuit in *Lee v. Vance Executive Protection, Inc.*, 7 Fed. Appx. 160 (4th Cir. Feb. 8, 2001).

Plaintiffs apparently now recognize that they have a problem and have filed a motion seeking equitable tolling. (ECF No. 113.) Wyndham will respond to Plaintiffs' equitable tolling motion by the response date; however, one matter set forth in that motion warrants a response in this Reply. In the equitable tolling motion, Plaintiffs state as follows:

> The Fourth Circuit Court of Appeals has recommended that "where the record reveals an intent to file an individual claim, and the individual claim is timely filed, it should be allowed to continue, notwithstanding the individual Plaintiffs' failure to timely file a consent to join the collective action." *In re Food Lion, Inc.,* 151 F.3d 1029, 1988 [sic] W.L. 322682 (4th Cir. 1998) (unpublished).

(ECF No. 113 at 4.) This quote, however, does not appear in the Fourth Circuit's unpublished opinion in *In re Food Lion.* Nor does it appear in any other Fourth Circuit opinion. Plaintiffs, therefore, have blatantly misrepresented the law of the Fourth Circuit. It gets worse. The holding of the court in *In re Food Lion* is directly contrary to the argument Plaintiffs are making. Specifically, the court in *In re Food Lion,* citing the language of Section 216(b) and 256 of the FLSA, found that even named plaintiffs were required to file signed consents in an FLSA collective action. The court specifically stated that

> Had this action been brought simply as an individual case with several plaintiffs, there would have been no need for any consents to have been filed. The filing of a collective action under 29 U.S.C. § 216(b), however, renders consents necessary, and these claims below were brought in just such a fashion—they were brought on behalf of the named individuals and others similarly situated. Redundant though it may seem to require consents from the named plaintiffs in a class action, the district court did not abuse its discretion in ordering such consents nor in dismissing the

4

> appellants' claims which exceeded the limitations period when no consents were filed within the applicable three-year period.

*In re Food Lion, Inc.*, 1998 U.S. App. LEXIS 11809 (4th Cir. June 4, 1998).

Plaintiffs further misstate the issues before the Court by arguing that the Court has authority to accept consents filed after a Court-ordered opt-in period. That the Court has the power to accept consents after an opt-in deadline is irrelevant because (a) that is not what occurred here and (b) such persons still do not become plaintiffs until the date the consent is filed. *See, e.g.*, *Royster v. Food Lion (In re Food Lion)*, 1998 U.S. App. LEXIS 11809 at *40-41 (4th Cir. June 4, 1998); *Lee v. Vance Executive Protection, Inc.*, 7 Fed. App'x 160 (4th Cir. Feb. 8, 2001). As to the former, Defendants are not contesting the *filing* of the consents which Plaintiffs filed on October 1, 2015. Rather, Defendants' point is the latter, that Plaintiffs did not become such until the consents were filed and here they are untimely under the clear language of the statute.[2] In other words, allowing Plaintiffs to file consents does not render their claims timely asserted. The cases cited by Plaintiffs do not address the timeliness of the claims under the applicable statute of limitations.

The only case cited by Plaintiffs that addresses the issues before the Court is *Robinson-Smith v. Government Employees Insurance Co.*, 424 F. Supp. 2d 117 (D.D.C 2006). And in *Robinson-Smith*, the court rejected every possible argument Plaintiffs could make in favor of equitable tolling in this case. In *Robinson-Smith*, the court accepted consents filed after the Court-created deadline for filing consents but specifically refused to toll the statute of limitations and instead measured the limitations period from the date the consents were filed with the court.

---

[2] Also, although they claim it was unnecessary to do so, Plaintiffs filed consents for Reynolds, Linick, Neely, Schubert, Mastandrea, Anderson, Bradley, Conklin, Crawford, Delpriora, Maynard, McLean, Smith, and Suitt on October 1, 2015. Thus, the statute of limitations for those Plaintiffs stopped running on October 1, 2015. For six Plaintiffs, that was too late for them to assert a timely claim, even under a three-year statute of limitations.

In *Robinson Smith*, the plaintiffs' counsel had received consents from four plaintiffs but failed to file them with the court within the period of time prescribed by the Court. Plaintiffs contended that their claims should not be compromised by an administrative error committed by their counsel. The court began by recognizing that "clients are generally presumed to be accountable for and bound by their attorneys' conduct." *Citing Link v. Wabash RR Co.*, 370 U.S. 626, 633-34 (1962) ("There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent"). The court further observed that

> [P]laintiffs' counsel in this case neglected to ensure that all consents had been filed by reconciling the records of filings kept by the firm and the actual filings made to the court. The court does not doubt counsels' assertion that the mistake was made in good faith, and it certainly recognizes the consequences to the faultless individuals who mail their consents in a timely fashion to counsel. This does not, however, negate counsels' failure to abide by either the deadline set in this case or, more importantly, the statute of limitations. Counsel's error was exactly the sort to which the Supreme Court has refused to apply equitable tolling.

*Id.* at 122-23. The court further observed that "statutes of limitations, while subject in some cases to equitable tolling, serve an important purpose in giving a defendant timely notice of the claims against it. In this case, the court cannot find that the plaintiffs have shown adequate cause to toll the statute of limitations and treat these consents as timely filed." *Id.* at 123.

The claims of all Plaintiffs should be dismissed to the extent such claims seek recovery for any time period preceding two years of filing a valid consent in this action. For Plaintiffs Reynolds, Linick, Neely, Schubert, Mastandrea, Suitt, McLean, Anderson, Bradley, and Smith this means that their claims are completely time barred under the applicable two-year statute of

limitations because they each last worked for Wyndham more than two years prior to the filing of written consents on October 1, 2015. Moreover, even if Plaintiffs could demonstrate that they are entitled to a three-year statute of limitations (which they cannot), the claims of Reynolds, Neely, Linick, Schubert, Mastandrea, and Suitt are completely time barred because they last worked for Wyndham more than three years prior to the filing of their consents on October 1, 2015.

## II. DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT WITH REGARD TO RICHARD REYNOLDS' CLAIMS BASED ON BANKRUPTCY ESTOPPEL AND HIS LACK OF STANDING

As set forth in Wyndham's Memorandum in Support of its Motion For Summary Judgment, Richard Reynolds filed a bankruptcy petition in October 2013, between the termination of his employment with Wyndham and the filing of this action. In that bankruptcy petition, Reynolds failed to disclose his claims in this case. In his bankruptcy filings, he was required to disclose his assets, including "contingent and unliquidated claims of every nature." (ECF No. 96-1, p. 3.) Reynolds, therefore, lacks standing to bring this action and is estopped from asserting the claims in this case. *See* ECF No. 96-1, pp. 15-17 and cases cited therein.

In their Response, Plaintiffs incredibly contend that Wyndham has "waived" these arguments. With regard to the standing argument, a motion to dismiss for lack of standing implicates the district court's subject matter jurisdiction. *See United States v. Hays,* 515 U.S. 737, 742 (1995) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of the [jurisdictional] doctrines"); *Falwell v. City of Lynchburg*, 198 F. Supp. 2d 765, 771 (W.D. Va. 2002) ("[S]tanding lie[s] at the heart of federal subject matter jurisdiction"). Therefore, challenges to a plaintiff's standing are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See, e.g., Stovall v. Suntrust Mortg., Inc.*, No. RDB-10-2836, 2012 U.S. Dist. LEXIS 165377, at *3, (D. Md. Nov.

20, 2012) (dismissing claims for lack of standing pursuant to Rule 12(b)(1)).  It is black letter law that whether a court retains subject matter jurisdiction over an action is an issue that can be raised at any time and that cannot be waived.  *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007); *see also Hays,* 515 U.S. at 742 ("The question of standing is not subject to waiver"); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

With regard to the estoppel grounds supporting Wyndham's Motion for Summary Judgment, Wyndham specifically pled estoppel in its Answers.  (ECF Nos. 8 at ¶ 68, 40 at ¶ 83, and 64 at ¶89.)  In fact, Plaintiffs have moved for summary judgment as to Wyndham's defense of estoppel.  (ECF No. 97.)  Plaintiffs' Response is, therefore, clearly without merit, and Wyndham is entitled to summary judgment with regard to Reynolds' claims.

### III. AS THERE IS NO DISPUTE THAT THE APPLICABILITY OF THE 7(i) EXEMPTION IS AN UNRESOLVED QUESTION OF LAW, PLAINTIFFS CANNOT DEMONSTRATE WILLFULNESS AS A MATTER OF LAW

Plaintiffs admitted in their Response that the applicability of 7(i) to sales representatives such as Plaintiffs is an issue of first impression.  Given this fact, Wyndham is entitled to summary judgment as a matter of law on Plaintiffs' assertion of a willful violation.

It is Plaintiffs' burden to establish by a preponderance of the evidence that an employer's alleged violation of the FLSA was willful.  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988); *Demond v. PNGI Charlestown Gaming, LLC*, 630 F.3d 351, 358 (4th Cir. 2011).  In the Fourth Circuit, a plaintiff must prove that the employer had "an actually malignant, not merely careless, mental state" in order to establish willfulness and entitlement to a three-year status of limitations.  *Chao v. Self Pride, Inc.*, 232 Fed. Appdx. 286, 287 (4th Cir., May 17, 2007).  Where a case presents unresolved questions of law, a finding of willfulness is unwarranted.  *Perez v. Mountaire Farms, Inc.*, 610 F. Supp. 2d 499, 525-27 (D. Md. 2009); *DeJesus de Luna-Gerrero v.*

*North Carolina Growers Association*, 370 F. Supp. 2d 386, 390 (E.D.N.C. 2005); *McIntyre v. Division of Young Rehabilitation Services*, 795 S. Supp. 668 (D. De. 1992); *Reich v. Gateway Press*, 13 F.3d 685, 702-03 (3d Cir. 1994); *Hanover v. Carteret Mortgage Corp.*, 2008 U.S. Dist. LEXIS 89706 at *11 (M.D. Pa. 2008). There is no dispute that the applicability of the 7(i) exemption to Plaintiffs is an unresolved question and an issue of first impression in this Circuit. Defendants are therefore entitled to summary judgment as to Plaintiffs' claim of willfulness and the standard, two-year limitations period applies.

Additionally, and as set forth more fully in Wyndham's principal brief, nine of the remaining Plaintiffs in this case were disciplined for violating Defendants' timekeeping policies. Such evidence clearly demonstrates that Plaintiffs cannot meet their burden of proving willfulness, and Plaintiffs fail to distinguish the authorities cited in Wyndham's principal brief. (ECF No. 96-1, pp. 21-22.)

As a matter of law, Plaintiffs cannot demonstrate willfulness, and Defendants are entitled to summary judgment as to Plaintiffs' allegations of willfulness and the applicability of a three-year period of limitations.

### IV.    PLAINTIFFS FAIL TO RAISE ANY GENUINE DISPUTE AS TO ANY MATERIAL FACT TO DEFEAT WYNDHAM'S MOTION FOR SUMMARY JUDGMENT ON 7(i)

   A.    <u>Wyndham Is A Retail Or Service Establishment</u>.

Plaintiffs' Response to Wyndham's argument that Plaintiffs are exempt from the overtime and minimum wage requirements of the FLSA pursuant to the exemption for certain commissioned salespeople in retail or service establishments ("7(i) exemption") largely ignores the arguments Defendants made in their Motion. For example, Plaintiffs argue that "Wyndham has failed to even address elements it is required to prove in order to meet this exemption, such as whether Wyndham's sales division constitutes a 'retail or service establishment.'" However,

Defendants described in detail the reasons why Wyndham's Myrtle Beach operations are a "retail or service establishment" on pages 27 through 38 of Wyndham's Motion for Summary Judgment. To summarize that argument, Wyndham sells vacation packages in small quantities to the general public. Those packages are bought by the end consumer to use for his or her own personal enjoyment, and, as such, Wyndham is a retail or service establishment.

Plaintiffs also contend that Wyndham has not presented any evidence to satisfy the regulatory requirement that at least 75 percent of its sales be retail sales. Plaintiffs have missed the point from Defendants' Motion: all sales by Sales Reps, whether sales of points to new owners by Frontline Reps, sales of points to existing owners by In-House Reps, or sales of trial vacation packages by Discovery Reps, are retail sales. In other words, 100 percent of the sales by Wyndham's Sales Representatives are retail sales because Wyndham is a retail or service establishment.

Plaintiffs readily admit that whether 7(i) applies to timeshare sales representatives "is an issue of first impression in the Fourth Circuit." (ECF No. 103 at 15.) And so to support their position that Wyndham does not operate a retail or service establishment, Plaintiffs rely heavily on an outdated regulation from the Department of Labor, which provides a partial listing of industries that typically lack a retail concept and includes "real estate companies." *See* 29 C.F.R. § 779.317.[3] Plaintiffs argue that Wyndham's business is like a real estate company because

---

[3] The Department's regulations were created to address an entirely different exemption and have not been amended since they were enacted in 1970. The drafters of the regulations did not and could not have foreseen all of the new industries and business concepts that have developed over the last 45 years. *See Selz v. Investools, Inc.*, No. 2:09-CV-1042, 2011 U.S. Dist. LEXIS 9364, at *13 (D. Utah Jan. 27, 2011) ("[T]he Internet has fundamentally changed what is considered a 'retail or service establishment,' and insofar as the DOL regulations do not take this into account they are not a persuasive interpretation of the FLSA."). More specifically, the drafters of the regulations could not have contemplated the modern timeshare industry, which did not exist in this country until after the regulations were enacted. *See* Mary Lou Savage, *Time Share*

10

Wyndham sells ownership interests in resort properties. The weakness in this argument is that the product Wyndham sells is much different from the product sold by "real estate companies." As explained in Defendants' Motion, owners purchase "points" that can be used not only to make travel arrangements at many of the resort accommodations offered by Wyndham but also to purchase hotel stays, airline tickets, car rentals, and cruise tickets on major cruise lines. (ECF No. 96-1 at 4-5.) Many attributes of these products are non-transferable. (*Id.*) In addition, if a loan is used for purchase, Wyndham obtains an Article 9 security interest just as one might acquire with the purchase of other retail products like cars. (ECF No. 65-3 at DEF 8170.) Thus, Wyndham is not a real estate company as that term is used in the regulations.

The Court of Appeals for the Fourth Circuit and other courts have cautioned against doing what Plaintiffs are trying to do here—force a business into one of the enumerated categories either having or not having a retail concept. For example, in *Hodgson v. Centralized Services, Inc.*, 457 F.2d 824, 827 (4th Cir. 1972), the court rejected the plaintiff's argument that a firm that processed tax returns was equivalent to an "accounting firm," which appears on the regulatory list of businesses that lack a retail concept. The court explained:

> We do not believe that the broad categorization of "accounting firms" which first appeared in the Administrator's rulings in 1942 should arbitrarily embrace the unsophisticated business activities of the defendants in an area of service which came into being and has developed throughout the country only during the past decade. In our opinion it is much more realistic and consonant with the law to apply the basic criteria of the Administrator to the defendants' business

*Hodgson*, 457 F.2d at 827. In other words, the Fourth Circuit refused to apply outdated regulations to a new type industry that did not exist when the regulations were enacted. This

---

*Regulation: The Wisconsin Model*, 77 Marq. L. Rev. 719, 723 (1994) (discussing historical development of timeshare industry).

Court should do the same. *See also Wirtz v. Modern Trashmoval, Inc.*, 323 F.2d 451 (4th Cir. 1963) ("Although it is not specified in the legislative history as a typical retail business, we feel that trash removal qualifies for that classification. Taking a very practical view, which is said to be the proper criterion in these cases [leads to the conclusion that trash collection business is retail]"). More recently, Judge Posner, writing for the Seventh Circuit, characterized the Department of Labor's regulatory list in § 779.317 as "incomplete, arbitrary, and essentially mindless." *Alvarado v. Corporate Cleaning Servs.*, 782 F.3d 365, 371 (7th Cir. 2015). He noted that the outdated regulations rely on factors "of dubious relevance" and cautioned against applying them rigidly without considering the purposes of the 7(i) exemption, which included addressing problems of irregular hours and seasonal work for certain highly compensated commissioned salespeople. *Id.* at 368, 371.

But, even if the Court gives some weight to the Department of Labor's forty-year-old regulations, the Court must not overlook the regulation listing businesses that are recognized as retail. *See* 29 C.F.R. § 779.320. Though timeshare companies do not appear on this list or the list of businesses lacking a retail concept, Wyndham's business of selling vacation ownership packages more closely resembles those businesses that are listed as possessing a retail concept including hotels, restaurants, and recreational camps than it does a real estate company. In short, Wyndham has shown that it is a retail or service establishment within the meaning of 7(i).

  B. <u>Wyndham Has Demonstrated that At Least 50 Percent of Plaintiffs' Income Derives from Commissions</u>.

Plaintiffs argue that Wyndham has not satisfied the 7(i) requirement that at least 50 percent of income derive from commissions because Wyndham has failed to define the relevant time period for measuring whether 50 percent of a Sales Representative's Income derives from commissions. Plaintiffs argue that the time period should be the workweek (ECF

No. 103 at 25), but this is inconsistent with the very regulation that Plaintiffs cite, which states that the time period can be any period that accurately captures fluctuations in work and pay, ranging from one month to a year. *See* 29 C.F.R. § 779.417. Here, because of how Plaintiffs are compensated, it does not matter which representative period is used, whether it is a month or a year or something in between because Plaintiffs are paid a draw that is recovered from any commissions earned. As long as a Plaintiff is earning commissions, then this requirement will be met. Though it is conceivable for a Sales Rep to go an entire month without earning a commission, Plaintiffs fail to point to any examples of months where this has happened.[4] Accordingly, because at least half of each Plaintiff's income was from commissions for the weeks upon which Wyndham has moved, it has satisfied this requirement and summary judgment is proper.

      C.      <u>Wyndham Has Addressed Any Factual Disputes Regarding Hours Worked By Assuming Plaintiffs' Assertions About Hours Worked Are True</u>.

Finally, Plaintiffs argue that Wyndham has not shown that Plaintiffs earned more than one and a half times minimum wage for most of their workweeks because there is a factual dispute regarding the number of hours Plaintiffs worked each week. The weakness in this argument is that Wyndham took any factual dispute off the table by assuming that every Plaintiff worked the number of hours each week they are claiming in this case, regardless of how many hours they recorded. (ECF No. 96-1 at 39-40.) It is well established that, for purposes of the 7(i) exemption, employees may be exempt some weeks and non-exempt others. *See, e.g.*, 29 C.F.R. § 779.419 ("If it is not more than one and one-half times such minimum rate, there is no overtime pay exemption for the employee *in that particular workweek*.") (emphasis added);

---

[4] Nor can Plaintiffs cite an example, as Wyndham has only moved for summary judgment in those weeks in which Plaintiffs earned at least 1.5 times minimum wage. If a Plaintiff earned no commission during a particular workweek, Wyndham has not moved for summary judgment during that workweek.

13

*Johnson v. Wave Comm GR LLC*, 4 F. Supp. 3d 423, 445-46 (N.D.N.Y. 2014) (recognizing that exemption can be applied to those weeks in which the one and one-half times minimum wage requirement is satisfied and not applied to those weeks in which it is not); *Owopetu v. Nationwide CATV Auditing Servs., Inc.*, 2011 U.S. Dist. LEXIS 24948, at *32-33 (D. Vt. Mar. 11, 2011) (same); *Viciedo v. New Horizons Computer Learning Center of Columbus*, 246 F. Supp. 2d 886, 895 (S.D. Ohio Feb. 25, 2003) (same). Here, Wyndham is only moving for summary judgment in those weeks where Plaintiffs earned more than 1.5 times minimum wage, assuming they worked the hours they claim that week. For those weeks, Wyndham is entitled to summary judgment.

## V.     PLAINTIFFS ONLY PARTIALLY RESPOND TO WYNDHAM'S MOTION FOR SUMMARY JUDGMENT FOR SPECIFIC WEEKS FOR WHICH PLAINTIFFS HAVE ADMITTED THAT THEY CANNOT ASSERT MINIMUM WAGE OR OVERTIME CLAIMS

Exhibit 6 to Wyndham's Memorandum in Support of Summary Judgment details specific weeks for which Plaintiffs admitted that they worked no overtime. Plaintiffs only partially addressed this evidence in their Response. (ECF No. 103 at pp. 27-28.) In fact, the only rebuttal evidence cited by Plaintiffs is testimony by Gary Conklin, Linda Neely, and Richard Reynolds. (ECF No. 103 at p. 27.) The attached chart (Exhibit 1) indicates the weeks for which Plaintiffs did not rebut the evidence described in support of Defendants' motion for these specific weeks. For those weeks for which Plaintiffs proffered no rebuttal testimony, Wyndham is entitled to summary judgment.

Similarly, Exhibit 7 to Defendants' Memorandum in Support of its Motion for Summary Judgment details weeks in which Plaintiffs admitted that they earned the applicable minimum wage. Plaintiffs only partially responded to the evidence identified in this exhibit, citing testimony by Richard Reynolds. For the remaining payroll weeks identified on Exhibit 7

14

(demonstrated in Exhibit 2 hereto), Defendants are entitled to summary judgment because Plaintiffs have failed to identify any disputed fact.

## VI. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment should be granted.

Respectfully submitted on this 13th day of October, 2015.

> s/ *D. Christopher Lauderdale*
> D. Christopher Lauderdale (Fed. Bar No. 9051)
> T. Chase Samples (Fed. Bar No. 10824)
> JACKSON LEWIS P.C.
> 15 South Main Street, Suite 700
> Greenville, SC 29601
> Telephone: 864-232-7000
> Facsimile: 864-235-1381
> Email: lauderc@jacksonlewis.com
>          chase.samples@jacksonlewis.com
>
> ATTORNEYS FOR DEFENDANTS