IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RICHARD REYNOLDS, SHARON LINICK, LINDA NEELY, JOSEPH SCHUBERT, and DOREEN MASTANDREA, JONATHAN ANDERSON, STEVEN BRADLEY, GERRY CONKLIN, JENNIFER CRAWFORD, DANIEL DELPRIORA, JOHN MAYNARD, APRIL MCLEAN, MIKE SMITH, WILLIAM SUITT, LARRY MARSHALL, MICHELLE JOHNSON, and EDMUNDO VELASCO, Individually and on behalf of other employees similarly situated, | C.A. NO. 4:14-cv-2261-PMD |
| Plaintiffs, | |
| v. | |
| WYNDHAM VACATION RESORTS, INC., and WYNDHAM VACATION OWNERSHIP, INC. | |
| Defendant. | |

**PLAINTIFFS' REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT
<u>ON DEFENDANTS' AFFIRMATIVE DEFENSES</u>**

COME NOW RICHARD REYNOLDS, SHARON LINICK, LINDA NEELY, JOSEPH SCHUBERT, and DOREEN MASTANDREA, *et al*, ("Plaintiffs") before the Court and submit this their Reply in Support of Partial Summary Judgment on WYNDHAM VACATION RESORTS INC.'s and WYNDHAM VACATION OWNERSHIP, INC.'s affirmative defenses.

1

## I.     SUMMARY JUDGMENT STANDARD

To overcome Plaintiffs' motion for summary judgment, Wyndham must establish that a genuine issue of material fact exists as to the issues raised by Plaintiffs. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). This requires Wyndham to do more than "simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586. The key word in this instance is "material." Wyndham notes throughout its brief various questions as to liability, and the number of off-the-clock hours that Sales Representatives testify they worked. But "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Therefore, when determining whether Plaintiffs have met their burden for summary judgment, the Court must consider what facts are "material" to each issue and whether the purported factual questions highlighted by Wyndham are actually material to resolving the dispute.

## II.     ARGUMENT

   1. <u>Twentieth Defense: Good Faith</u>

Liquidated damages under the FLSA "are compensation, not a penalty or punishment." *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971) (quoting *Overnight Motor Co. v. Missel*, 316 U.S. 572, 583 (1945)). In its initial incarnation, the FLSA made liquidating damages mandatory; "[d]oubling is not some disfavored penalty" but is strongly presumed in FLSA cases. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986) (citing *Overnight Motor Transp. Co. v. Missell*, 316 U.S. 572, 581 (1942)).

The purpose of the good faith reliance defense is to protect employers who "innocently and to their detriment follow the law as interpreted by a government agency, without notice that

the agency's interpretation was invalid or in error." *Hultgren v. County of Lancaster*, 913 F.2d 498, 507 (8th Cir. 1990).  To avail itself of this defense, an employer must prove (1) that it actually relied upon an administrative regulation, order, ruling, approval, interpretation, enforcement policy or practice of the United States Department of Labor; (2) that it acted in conformity with the regulation, order, ruling, approval, interpretation, enforcement policy or practice; and (3) that it acted in good faith in doing so.  *See Hultgren*, 913 F.2d at 507; 29 C.F.R. § 790.13(a).  To meet the good-faith requirement, an employer must show that its acts were taken in good faith, both subjectively and objectively.  *Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 662-63 (4th Cir. 1969).

If an employer fails to meet the stringent standard for good faith reliance, he may nevertheless be able to avoid liquidated damages under the FLSA by relying on the good faith defense provided by Section 11 of the Portal-to-Portal Act. Section 11, which has been codified at 29 U.S.C. § 260, gives the court discretion to limit or deny liquidated damages where the employer is found to have acted in good faith and had reasonable grounds to believe his act or omission did not violate the FLSA.  29 U.S.C. § 260.  The employer bears a "'plain and substantial burden'" "to persuade the court that the 'failure to obey the [FLSA] was both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'"  *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997) (quoting *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 357 (4th Cir. 1994)).

This defense requires the employer to prove an honest intention to ascertain and follow the law. *Hultgren,* 913 F.2d at 509.  An employer may not take an "ostrichlike" approach to the FLSA by "'simply remain[ing] blissfully ignorant of FLSA requirements.'"  *Roy v. County of Lexington*, 141 F.3d 533, 548-49 (4th Cir. 1998) (quoting *Burnley v. Short*, 730 F.2d 136, 140 (4th Cir.

3

1984)).  It is not enough, though, that the employer honestly believes it is in compliance with the law; that belief must also be objectively reasonable.  *Hultgren*, 913 F.2d at 509.

Plaintiffs maintain that Wyndham's actions are more akin to an employer "following the most favorable advice, in the face of obvious conflict, [which] does not constitute good faith." *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1118 (4th Cir. 1985), overruled on other grounds by *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988).  Plaintiffs point out that that Wyndham lists myriad out-of-context quotes from the Plaintiffs to show that they "willfully disregarded" Wyndham's policies.

Defendants also assert that the "unresolved application of the 7(i) exemption" precludes summary judgement as to good faith. But Wyndham fails to plead at any point that it Wyndham sought the advice of an attorney or relevant government agency about the application of such a defense, or even that it crafted its policies in reliance on this defense. There is no binding authority on the Court, or even a widespread trend in other circuits that would support a reasonable belief that Plaintiffs are exempt from the FLSA. Nor can Wyndham point to general attempts to comply with the FLSA to satisfy this requirement. *See Kinney v. District of Columbia,* 994 F.2d 6, 12 (D.C. Cir. 1993) (noting "courts generally appear to have required a showing that the employer received advice on the specific compliance issue in question, not just that he sought advice about the statute" in order to show good faith). Merely because Wyndham has made some effort to review the general requirements of the FLSA does not insulate it from its failures to ensure compliance as to its specific issues. Therefore, summary judgment on this defense is proper.

    2.   <u>Sixth Defense: False and Inaccurate Time Reports</u>

4

Simple promulgation of a policy which complies with the FLSA on its face is not sufficient to plead good faith if the policy was not followed. Therefore, to the extent that "false and inaccurate time reports" is even an appropriate affirmative defense, it does not apply here. Wyndham instructed its own employees to work off the clock, but tries to bar Plaintiffs' recovery by insisting that they intentionally falsified their timesheets. Wyndham makes a show of detailing its timekeeping policies, but does not account for the actions of all the managers named by Plaintiffs who instructed them to work off the clock or shaved Plaintiffs' hours.

Wyndham completely discounts the proper summary judgment evidence presented by Plaintiffs and paints the picture that they were all rogue employees who refused to follow the rules. Yet, despite pointing out discipline reports given to several of the Plaintiffs, only one Plaintiff, Steven Bradley, was terminated from Wyndham related to off-the-clock work. This does not comport with Wyndham's insistence that failure to adhere to its policies is a grave offense that may result in termination. And even in the case of Mr. Bradley, Wyndham has produced documents which show that Mr. Bradley vigorously protested the termination and insisted he was being singled out for behavior that was, in fact, encouraged by Wyndham.

While summary judgment requires the Court to consider the facts in the light most favorable to the non-movant, it does not require that the Court ignore all proper summary judgment evidence against the non-movant, as Wyndham seems to believe. Summary judgment in Plaintiffs' favor on the Sixth Affirmative Defense is warranted.

### 3. *Eighth Defense: Mitigation of Damages*

Wyndham insists that Plaintiffs failed to mitigate their damages by turning in false time reports, completely ignoring the testimony of the Plaintiffs that it was Wyndham's own managers who instructed them to do so (or manipulated their time cards when they didn't).

5

However, even if the Court assumes that the facts are as Wyndham portrays them, this is nonetheless a frivolous affirmative defense. It would be absurd to require underpaid employees to work extra hours to offset unpaid wages. In fact, district courts, including those in the Fourth Circuit, have routinely found that as a matter of law, the FLSA imposes no duty on employees to mitigate their damages. *See Espinoza v. Mex-Am Café, LLC*, 2015 U.S. Dist. LEXI 122597 (M.D. N.C. September 15, 2015) (citing *Rodriguez v. Physician Lab Servs.*, LLC, No. 7:13-cv-622, 2014 U.S. Dist. LEXIS 27192, at *3 (S.D. Tex. March 4, 2014); *Cava v. Tranquility Salon & Day Spa, Inc.*, No. 13-CV-1109(JS) (ARL), 2014 U.S. Dist. LEXIS 21411, 2014 WL 655372 at *4-5 (E.D.N.Y. Feb. 20, 2014). *See also* cases cited in Plaintiff's Motion, Dkt. No. 97 at pp. 6.

    4.   <u>Ninth, Tenth and Eleventh Defenses: Unclean Hands, Laches, Waiver, and Estoppel</u>

In addition to the arguments and authorities presented in their original motion, Plaintiffs contend that laches is "an equitable defense based on the . . . maxim vigilantibus non dormientibus aequitas subvenit (equity aids the vigilant, not those who sleep on their rights)." *Stone v. Williams*, 873 F.2d 620, 623 (2d Cir.), vacated on other grounds, 891 F.2d 401 (2d Cir.1989). "It bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997). The prevailing rule is that "when a plaintiff brings a federal statutory claim seeking legal relief, laches cannot bar that claim . . . where the statute contains an express limitations period within which the action is timely." *Id*. In this case, Plaintiffs seek monetary relief, i.e. "legal relief," *see id*., the FLSA explicitly contains a statute of limitations, and I do not find this action to be barred by that statute of limitations, *see infra*. In any event, Defendants point to nothing to suggest that Plaintiffs unreasonably delayed filing their Complaint. Defendants' affirmative defense of laches should be dismissed.

Wyndham pleads the same facts in favor of its unclean hands and estoppel defenses as it does for inaccurate time records and good faith. However, whether or not there is a factual dispute as to Plaintiffs' alleged misconduct is immaterial given that these defenses are not recognized as proper affirmative defenses in FLSA actions. *See Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir.1959); *Burry v. Nat'l Trailer Convoy, Inc.*, 338 F.2d 422, 426-27 (6th Cir.1964); *Handler v. Thrasher*, 191 F.2d 120, 123 (10th Cir.1951). Although good faith is a recognized equitable estoppel defense, it has already been asserted by Wyndham and thus its Tenth and Eleventh Defenses are duplicative. Accordingly, summary judgment should be granted in favor of Plaintiffs.

Finally, Wyndham still fails to plead any facts to support its affirmative defense of waiver. And based on the intent of the FLSA, it has been a long-established rule that employees may not waive their FLSA rights. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lee v. Flightsafety Servs*. Corp., 20 F.3d 428, 432 (11th Cir. 1994; *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, (2d Cir. 2002); *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1319-20 (S.D.Fla. 2005).  Summary judgment in favor of Plaintiffs on this defense is proper.

### 5. *Eighteenth Defense: Breach of Fiduciary Duty*

In support of its Eighteenth Defense, Wyndham states that Plaintiffs Bradley, Crawford, Maynard, McLean and Schubert went to work for other timeshare companies in Myrtle Beach immediately after leaving Wyndham. Because of this, Defendants allege they violated a fiduciary duty to Wyndham to the extent they performed work for their new employer while working for Wyndham or solicited Wyndham customers and employees to work for a competitor. Wyndham

7

also states that all Plaintiffs who intentionally misrepresented their work hours breached their duty of loyalty.

In support of this line of reasoning, Wyndham cites no proper summary judgment evidence showing solicitation on the part of Mr. Bradley, Ms. Crawford, Mr. Maynard, Ms. McLean or Mr. Schubert. Defendants rely on a single case which is clearly distinguishable. In *Futch v. McAllister Towing of Georgetown, Inc.*, the plaintiff was a tugboat captain who started developing plans for his own competing company while still employed by the defendant. 335 S.C. 598, 605-606 (S.C. 1999). Here, Plaintiffs did not start their own ventures but merely went to work for other companies in the same line of business. However, Wyndham has no non-compete or non-solicitation agreements with its Sales Representatives. The situation is analogous to a car salesman at a Honda dealership leaving to work at a Volkswagen dealership. Plaintiffs are entitled to seek employment which utilizes their skills and prior experiences.

Furthermore, Wyndham has presented no authority which supports the application of a breach of fiduciary duty affirmative defense in an FLSA action. As Plaintiffs previously briefed, "Historically, [the South Carolina Supreme Court] has reserved imposition of fiduciary duties to legal or business settings, often in which one person entrusts money to another, such as with lawyers, brokers, corporate directors, and corporate promoters." *Hendricks v. Clemson University*, 353 S.C. 449, 450-460 (2003). This defense is baseless, and summary judgment should be granted in favor of Plaintiffs on this issue.

### III.     PRAYER

The Plaintiffs pray that the court will grant summary judgment against Wyndham as to their Sixth, Eighth, Ninth, Tenth, Eleventh, Eighteenth, and Twentieth Affirmative Defenses.

Wyndham has not presented proper summary judgment evidence sufficient to preclude a finding in favor of Plaintiffs. In the alternative, Plaintiffs pray that the Court will strike the Sixth, Eighth, Ninth, Tenth, Eleventh, Eighteenth, and Twentieth Defenses with prejudice for failure to properly plead, since this motion illustrates that Wyndham has not pleaded facts sufficient to put Plaintiffs on notice of these defenses.

Respectfully submitted,

/S/William J. Luse
William J. Luse
Federal I.D: 9736
917 Broadway Street
Myrtle Beach, SC 29577
Telephone: 843-455-6049
Facsimile: 843-839-9831

Trang Q. Tran, *Pro Hac Vice*
Federal I.D. 20361
TRAN LAW FIRM, L.L.P.
9801 Westheimer Road, Suite 302
Houston, Texas 77042
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
E-mail:ttran@tranlawllp.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on Tuesday, October 14, 2015 in the following manner.

**VIA EMAIL AND FAX**

T. Chase Samples
Chase.samples@jacksonlewis.com
D. Christopher Lauderdale
lauderdc@jacksonlewis.com
Jackson | Lewis LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, SC 29601
Fax: 864-235-1381

          /S/Trang Q. Tran
          Trang Q. Tran