**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Richard Reynolds, Sharon Linick, | ) | |
| Linda Neely, Joseph Schubert, | ) | |
| Doreen Mastandrea, Jonathan Anderson, | ) | C.A. No.: 4:14-cv-2261-PMD |
| Steven Bradley, Gerry Conklin, | ) | |
| Jennifer Crawford, Daniel Delpriora, | ) | |
| John Maynard, April Mclean, | ) | **ORDER** |
| Mike Smith, William Suitt, | ) | |
| Donna Weinberg, Larry Marshall, | ) | |
| Michelle Johnson, and Edmundo Velasco, | ) | |
| individually and on behalf of other | ) | |
| employees similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Wyndham Vacation Resorts, Inc., and | ) | |
| Wyndham Vacation Ownership, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on cross-motions for partial summary judgment (ECF Nos. 96 & 97), Plaintiffs' Motion in Limine (ECF No. 99), and Plaintiffs' Motion for Equitable Tolling (ECF No. 113). For the reasons set forth herein, each motion is granted in part and denied in part.

## BACKGROUND

On June 10, 2014, Plaintiffs commenced this action on behalf of themselves and others similarly situated, seeking unpaid minimum wages and unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The named Plaintiffs, as well as those who have subsequently given notice of their consent to join this action, are current or former sales representatives of Wyndham Vacation Resorts, Inc. Plaintiffs seek recovery from

Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. (collectively, "Defendants").

## PROCEDURAL HISTORY

The parties filed their respective motions for summary judgment on September 3, 2015, their responses in opposition on September 30, and their replies on October 13.  Plaintiffs filed their Motion in Limine on September 10 and Defendants responded on September 28.  Plaintiffs did not file a reply.  Finally, Plaintiffs filed their Motion for Equitable Tolling on October 2.  Defendants filed their Response in Opposition on October 26, and Plaintiff did not file a reply.  Accordingly, these matters are now ripe for consideration.[1]

### *Plaintiffs' Motion for Equitable Tolling*

## LEGAL STANDARD

"Equitable tolling is available when 1) the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant, or 2) extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."  *Cruz v. Maypa*, 773 F.3d 138, 146 (4th Cir. 2014) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted)).  "Equitable tolling is a rare remedy availably only where the plaintiff has 'exercise[d] due diligence in preserving [his] legal rights.'"  *Id.* at 145–46 (quoting *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002)).  "In the interests of justice, courts have allowed equitable tolling of FLSA claims where conditional certification and notice to the prospective plaintiffs has been delayed due to the procedural posture of the case."  *Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-CV-69-H, 2014 WL 3366073, at *2 (E.D.N.C. July 9, 2014) (collecting cases).

---

1.    Within each section, the Court will refer to the motion being discussed therein as the "Motion."

## ANALYSIS

At the outset, the Court does not find that Defendants have engaged in any sort of wrongful conduct that prevented any plaintiff from asserting his or her claim. Accordingly, the Court's decision turns on whether Plaintiffs have been prevented from timely filing their claims by circumstances beyond their control. Plaintiffs request that the court toll the statute of limitations from July 2, 2015, or, in the alternative, from the date they filed their consent forms. Plaintiffs assert they were not required to file consent forms because they were proceeding in their individual capacities. Additionally, they claim that if they were required to file consent forms, their verified answers to interrogatories and their signed declarations could act as substitutes for filed consent forms. Finally, Plaintiffs appear to assert that they were prejudiced by the Court's delay in ruling on their Motion for Conditional Certification and in authorizing notice to the class.

Conversely, Defendants assert Plaintiffs must file a consent form to toll the statute of limitations. The Court agrees. The Fourth Circuit has held that a plaintiff proceeding in his individual and representative capacity must file a consent form with the court. *See Lee v. Vance Exec. Prot., Inc.*, 7 F. App'x 160, 166–67 (4th Cir. 2001) (per curiam) ("For plaintiffs not named in the original complaint, a collective action under the FLSA commences 'on the subsequent date on which [the plaintiffs'] written consent is filed in the court.'" (quoting 29 U.S.C. § 256(b))); *see also In re Food Lion, Inc.*, 151 F.3d 1029 (4th Cir. 1998) (table) ("The filing of a collective action under 29 U.S.C. § 216(b), however, renders consents necessary . . . [where claims] were brought on behalf of the named individuals and others similarly situated."). Here, it is abundantly clear that Plaintiffs intended to file this action as a collective action against Defendants. Plaintiffs' original complaint explicitly states it is a "PLAINTIFF'S ORIGINAL

COLLECTIVE ACTION COMPLAINT." (Pls.' Compl., ECF No. 1, at 1.) Thus, in order to toll the statute of limitations, Plaintiffs were required to file their consent forms with the Court. Accordingly, Plaintiffs' argument that they were not required to file consent forms fails.

Next, Plaintiffs argue that their verified answers to interrogatories and signed declarations could act as substitute consents. The FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "Courts have repeatedly interpreted Section 256 [of the FLSA] as requiring all plaintiffs in an FLSA collective action, whether named or unnamed, to file written consents to toll the statute of limitations." *Faust v. Comcast Cable Commc'ns Mgmt.*, No. WMN-10-2336, 2013 WL 5587291, at *3 (D. Md. Oct. 16, 2014). However, the requirements for a written consent are not specified by the FLSA.

> "While it is clear that some document in addition to the complaint must be filed, it is not clear what form the written consent must take, especially when the alleged party plaintiff is a named plaintiff." *D'Antuono v. C & G of Groton, Inc.*, No. 3:11cv33 (MRK), 2012 WL 1188197, at *2 (D. Conn. Apr. 9, 2012). Courts have generally shown "considerable flexibility" with respect to the form of consent, *Manning v. Gold Belt Falcon, LLC*, 817 F. Supp. 2d 451, 454 (D.N.J. 2011), requiring only that "the signed document verif[y] the complaint, indicate[ ] a desire to have legal action taken to protect the party's rights, or state[ ] a desire to become a party plaintiff." *Perkins v. S. New England Tel. Co.*, No. 3:07–cv–967, 2009 WL 3754097, at *3 n.2 (D. Conn. Nov. 4, 2009).

*Butler v. DirectSAT USA, LLC*, 55 F. Supp. 3d 793, 800 (D. Md. 2014). As in this case, the plaintiffs in *Faust* failed to file written consent forms. *Id.* at 3. However, the court in *Faust* allowed signed interrogatories and other documents to meet the consent requirement of the FLSA on the date those documents were filed. *Id.* at *18–19. Similarly, in *Butler*, the court permitted signed interrogatory answers and a signed declaration to constitute written consent. 55 F. Supp. 3d at 800.

4

Defendants object to Plaintiffs' attempt to use answers to interrogatories as a written consent because the interrogatories were signed by Plaintiffs' counsel using an "s/" signature and not signed and verified by Plaintiffs. The Court agrees. Although several of the interrogatories filed as exhibits by Plaintiffs contain a statement that the Plaintiff provided the answers to the interrogatories, none of those exhibits contain Plaintiffs' signatures. Accordingly, Plaintiffs' answers to interrogatories cannot be used in lieu of signed consent forms.

Defendants also object to Plaintiffs' use of their signed declarations because they do not contain a statement indicating Plaintiffs' consent. In determining whether a document manifests consent, the court in *Faust* asked "whether Plaintiffs' signed declarations and answers to interrogatories demonstrate a clear intention to join the collective action." 2013 WL 5587291, at *5. Additionally, the court in *Butler* stated that signed interrogatory answers and signed declarations were sufficient consents where those "documents refer[red] to the facts underlying the litigation and express[ed] [Plaintiffs'] view[s] that the alleged practices applied to all [employees]." 55 F. Supp. 3d at 800. Here, each signed declaration contains a description of that Plaintiff's job duties, a description of Defendants' business practices, and a list of other employees who were subject to those same business practices. (*See* Pls.' Decls., ECF Nos. 113-1–113-13.) As a result, Plaintiffs' signed declarations meet the requirements delineated by the Court in *Butler*. While Plaintiffs do not explicitly state that they consent to join the present suit, their declarations demonstrate their desire to join. Accordingly, Plaintiff's Motion is granted in part, tolling the statute of limitations to the date on which Plaintiffs' declarations were first filed, July 27, 2015.

Having determined that Plaintiffs' signed declarations were sufficient to demonstrate Plaintiffs' clear intention to join the collective action, thereby tolling the statute of limitations,

the Court need not consider whether equitable tolling should be granted in favor of the moving Plaintiffs.[2]

***Cross-motions for Summary Judgment***

## LEGAL STANDARD

To grant a motion for summary judgment, a court must find that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990). "[I]t is ultimately the nonmovant's burden to persuade [the court] that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or speculation—upon which a jury could properly find in its favor." *CoreTel Va., LLC v. Verizon Va., LLC*, 752 F.3d 364, 370 (4th Cir. 2014) (citations omitted). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

When opposing parties file motions for summary judgment, the trial court applies the same standard of review to both motions. *See Northfield Ins. Co. v. Boxley*, 215 F. Supp. 2d 656, 657 (D. Md. 2002). "The role of the court is to 'rule on each party's motion on an individual and

---

2.    The Court notes that Plaintiffs' counsel's failure to file consents with the complaint or upon joining additional plaintiffs is the reason equitable tolling would be necessary for the moving Plaintiffs. Although the Court delayed its ruling until after it decided the question of conditional certification, that delay would likely not have affected the named Plaintiffs' motion since it was their own counsel's failure to file the required consents that allowed the statute of limitations to continue to run.

separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard.'" *Id.* at 658 (quoting *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985)); *see also Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987) ("[T]he court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration."). The mere fact that both parties seek summary judgment "does not 'establish that there is no issue of fact and require that summary judgment be granted to one side or another.'" *World-Wide Rights Ltd. P'ship v. Combe Inc.*, 955 F.2d 242, 244 (4th Cir. 1992) (quoting *Am. Fid. & Cas. Co. v. London & Edinburgh Ins. Co.*, 354 F.2d 214 (4th Cir. 1965)); *see also ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 45 n.3 (4th Cir. 1983) ("The court is not permitted to *resolve* genuine issues of material facts on a motion for summary judgment—even where . . . both parties have filed cross motions for summary judgment."); *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983) ("[C]ross-motions for summary judgment do not automatically empower the court to dispense with the determination whether questions of material fact exist."). Nevertheless, dueling motions for summary judgment "may be probative of the nonexistence of a factual dispute," because "when both parties proceed on the same legal theory and rely on the same material facts the court is signaled that the case is ripe for summary judgment." *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983) (citing *Bricklayers, Masons & Plasterers Int'l Union v. Stuart Plastering Co.*, 512 F.2d 1017, 1023 (5th Cir. 1975)); *see also Nafco Oil & Gas, Inc. v. Appleman*, 380 F.2d 323, 325 (10th Cir. 1967) ("[B]y the filing of a [summary judgment] motion a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the event his adversary's theory is adopted.").

## ANALYSIS

Plaintiffs and Defendants have each moved for summary judgment on various grounds. Plaintiffs assert they are entitled to summary judgment as to Defendants' affirmative defenses of (1) false and inaccurate time reports, (2) mitigation of damages, (3) unclean hands, laches, waiver, and estoppel, (4) breach of fiduciary duty, and (5) good faith pursuant to 29 U.S.C. §§ 216 and 260. Defendants assert they are entitled to summary judgment on the grounds of (1) statute of limitations, (2) judicial estoppel, (3) lack of a willful violation of the FLSA, (4) exempt sales representatives pursuant to 29 U.S.C. § 207(i), and (5) Plaintiffs' admissions of no overtime or minimum wage claims during certain weeks. However, because Defendants' liability is still an open question, the Court declines to reach and decide either Plaintiffs' Motion or Defendants' Motion as it relates to a willful violation and the associated three-year statute of limitations. *See Regan v. City of Charleston*, --- F. Supp. 3d ----, 2015 WL 5331627, at *13 (D.S.C. Sept. 14, 2015) (declining to reach defendant's arguments as to willfulness and the § 260 affirmative defense where liability had not yet been determined); *Switzer v. Wachovia Corp.*, No. CIV. A. H-11-1604, 2012 WL 3685978, at *5 (S.D. Tex. Aug. 24, 2012) ("Absent a violation of the FLSA, there can be no willful violation."). Accordingly, the Court denies Plaintiffs' and Defendants' motions as they pertain to willfulness and the associated three-year statute of limitations because they are premature. In light of the foregoing, the Court will first address Defendants' remaining grounds for summary judgment.

Defendants assert "Plaintiffs' claims should be dismissed to the extent they are barred by the applicable statute of limitations." (Defs.' Mot. Summ. J., ECF No. 96, at 1.) The Court agrees in part. Defendants argue the Plaintiffs' claims are subject to a two-year statute of limitations because the alleged violations of the FLSA were not willful. As discussed above, the

Court declines to grant summary judgment on that ground at this time.  Additionally, Plaintiffs have moved to toll the statute of limitations.  As also discussed above, the Court grants Plaintiffs' Motion for Equitable Tolling in part and tolls the statute of limitations for the moving Plaintiffs from July 27, 2015, when their signed declarations were first filed.  However, certain plaintiffs are time-barred even under a three-year statute of limitations dating back from July 27, 2015, including Plaintiffs Reynolds, Neely, Linick, Mastandrea, and Schubert.  Because those Plaintiffs failed to either file a consent form or their written declaration within three years of their latest date of employment with Defendants, they are barred from any recovery. Accordingly, Defendants are entitled to summary judgment as to those Plaintiffs' claims.[3]

Second, Defendants assert "[their] sales representatives are exempt from the FLSA pursuant to the exemption for commissioned employees of retail or service establishments pursuant to 29 U.S.C. § 207(i) of the FLSA ('Section 7(i)')."  (Defs.' Mot. Summ. J., ECF No. 96, at 2.)  The Court disagrees.  To qualify for the § 7(i) exemption, Defendants must prove the following:

1. The employee must be employed by a retail or service establishment;
2. The employee's regular rate of pay must exceed one and one-half times the applicable minimum wage for every hour worked in a workweek in which the overtime hours are worked; and
3. More than half the employee's total compensation in a representative period (not less than one month) must consist of commissions on goods or services.

*Williams v. Trendwest Resorts, Inc.*, No. 2:05-CV-0605-RCF-LRL, 2007 WL 2429149, at *6 (D. Nev. Aug. 20, 2007) (citing 29 U.S.C. § 207(i)).  "No statutory definition of 'retail or service establishment' currently exists."  *Davidson v. Orange Lake Country Club, Inc.*, No. 6:06-cv-1674-Orl-19KRS, 2008 WL 254136, at *5 (M.D. Fla. Jan. 29, 2008).  However, courts ordinarily apply the since-repealed definition of "retail and service establishment" formerly contained in

---

3.    Having determined that Plaintiff Reynolds' claim must already be dismissed as time-barred, the Court need not rule on Defendants' judicial estoppel argument.

§ 13(a)(2) of the FLSA.  *Id.*; *see also Reich v. Delcorp, Inc.*, 3 F.3d 1181, 1183 (8th Cir. 1993);

*Reich v. Cruises Only, Inc.*, No. 6:95-cv-660-Orl-19, 1997 WL 1507504, at *2 (M.D. Fla. June 5,

1997).  "Section 13(a)(2) defined a retail or service establishment as: (1) an establishment 75 per

centum of whose annual dollar volume of sales of goods or services (or both) is not for resale

and (2) is recognized as retail sales or services in the particular industry."  *Id.* (citing 29 U.S.C. §

213(a)(2) (repealed 1990)).

> Typically a retail or service establishment is one which sells goods or services to
> the general public.  It serves the everyday needs of the community in which it is
> located.  The retail or service establishment performs a function in the business
> organization of the Nation which is at the very end of the stream of distribution,
> disposing in small quantities of the products and skills of such organization and
> does not take part in the manufacturing process.

29 C.F.R. § 779.318.  The "determination of whether Defendant[s'] business is a retail or service

establishment is a matter of statutory construction and is thus a question of law to be determined

by the Court."  *Selz v. Investools, Inc.*, No. 2:09-CV-1042 TS, 2011 WL 285801, at *3 (D. Utah

Jan. 27, 2011) (citing *Schoenhals v. Cockrum*, 647 F.2d 1080, 1081 (10th Cir. 1981)).  Federal

regulations interpreting § 13(a)(2) also contain "a partial list of 'establishments to which the

retail concept does not apply,' and this list includes 'real estate companies' and 'apartment

houses.'"  *Davidson*, 2008 WL 254136, at *5 (quoting 29 C.F.R. § 779.317).

There are only two cases that have addressed the applicability of the § 7(i) exemption in

the timeshare context.  Those cases, *Williams* and *Davidson*, both held that an establishment

selling timeshares was not a retail or service establishment for purposes of the § 7(i) exemption.

Although both district courts are in other circuits, this Court sees no reason to depart from their

holdings.  The key inquiry here is whether Defendants' business has a retail concept.  In their

Motion, Defendants frame their timeshare products as vacation packages rather than real estate

interests in an effort to distinguish their business from a real estate company.  Defendants

emphasize that "[p]urchasers of [their] products do not purchase a partial interest in a specific condominium unit.  Rather, purchasers acquire a level of points, which they can then use to make travel arrangements among many of the resort accommodations offered by [Defendants]." (Defs.' Mot. Summ. J., Ex. 3, ECF No. 96-6, at ¶5.)  Nonetheless, these points "are renewed annually for life" and, like real property, "are transferable by sale, gift, inheritance or through a marital dissolution."  (*Id.* at ¶¶5, 6.)  Finally, Defendants' assertion that purchasers may use their points for hotels, airfares, or cruises is applicable only if purchasers opt into Defendants' optional "Plus Partners" program.  (*See id.* at ¶7.)   The Court is not persuaded that this optional program changes the interest held by the purchasers into something less like real property.  Thus, the Court concludes that in spite of Defendants' assertions, they are not a retail or service establishment.  Plaintiffs have presented Defendants' timeshare contract, which states in part:

> Owner . . . is entitled: (a) to use Points to reserve the use of accommodations in the Club ("club Accommodations"), (b) to vote for directors of the Association, (c) to vote on major decisions of the Association, and (d) through the Club and the Association, to participate in the ownership of the assets of the Association.

(Pls.'s Resp. Opp'n Defs.' Mot. Summ. J., Ex. C, ECF No. 106, at 2.)  After reviewing the contract, the Court finds that Defendants are selling far more than a hotel room.  While purchasers of Defendants' timeshare units may not own a partial interest in a specific condominium unit, they have a far greater ownership interest than does a person who rents a hotel room for a night.  Defendants' attempts to differentiate themselves from a real estate company are unavailing.  The Court concludes that Defendants are not a retail or service establishment.  Accordingly, they are not entitled to the § 7(i) exemption.

Finally, Defendants assert "[they] are entitled to summary judgment during the weeks for which Plaintiffs have conceded they can assert no claim for minimum wage and/or overtime compensation."  (Defs.' Mot. Summ. J., ECF No. 96, at 2.)  In rebuttal, Plaintiffs assert that they

cannot accurately determine the weeks in which they worked overtime because Defendants' time records are inaccurate.

> When an employer's records are inadequate or inaccurate, an employee carries his burden under the law by (1) "prov[ing] that he has in fact performed work for which he was improperly compensated," and (2) "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

*Lee v. Vance*, 7 F. App'x at 166 (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). While employees "need not 'prove each hour of overtime work with unerring accuracy or certainty,' . . . enough evidence must be offered so that the court . . . may estimate the unrecorded hours." *Id.* (quoting *Pforr v. Food Lion, Inc.*, 851 F.2d 106, 108 (4th Cir. 1988)).

Plaintiffs appear to assert they are entitled to shift this burden to Defendants because some Plaintiffs have testified that Defendants maintained inaccurate records. However, as discussed by Defendants, Plaintiffs have failed to come forward with any support for their assertions beyond their testimony that they worked overtime hours. The Court does not weigh credibility at the summary judgment stage. *See Anderson*, 477 U.S. at 255. Nonetheless, in order to shift the burden to Defendants to show that their time records are correct, Plaintiffs must create a reasonable and just inference that Defendants' records are inaccurate. *See Lee*, 7 F. App'x at 166. At this stage, Plaintiffs have failed to produce any evidence beyond their testimony—testimony that is conspicuously devoid of any assertions of actual days, weeks, or months in which Plaintiffs worked uncompensated overtime hours. As an example, Plaintiff Reynolds testified that 99.9% of his time cards were inaccurate. Such a blanket assertion does not give the Court any ability to estimate Plaintiffs' unrecorded hours. Despite having the opportunity to refute Defendants' assertions as to unrecorded time in their response to Defendants' Motion, Plaintiffs merely restated the same blanket assertions. The Court

recognizes the difficulty Plaintiffs face in attempting to reconstruct hours worked several years ago. However, even at this developed stage of the litigation, Plaintiffs have done little more than allege that they worked unpaid overtime hours and allege that Defendants' time records are inaccurate. Accordingly, Defendants' Motion is granted as to all weeks where Plaintiffs have admitted to not working overtime in specific weeks, where Plaintiffs admit they were paid at least the required minimum wage, and where Plaintiffs have not given the Court sufficient evidence to estimate their unrecorded hours, as detailed by Defendants in Exhibits 6 through 8 of their Motion.

The Court now turns to Plaintiffs' Motion for Partial Summary Judgment on Defendants' affirmative defenses. First, Plaintiffs assert Defendants have not properly pleaded certain affirmative defenses and ask the Court to strike them on that ground.[4] Plaintiffs also moved for summary judgment on the merits of three defenses. The Court will address each affirmative defense in turn.

First, Plaintiffs assert they are entitled to summary judgment as to Defendants' mitigation of damages defense because Plaintiffs have no duty to mitigate their damages. The Court agrees. Plaintiffs cite a plethora of district court decisions holding that, as a matter of law, an employee has no duty to mitigate damages in the FLSA context. *See, e.g.*, *Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010); *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848-J-32MCR, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009); *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009). The Court is persuaded by these cases and declines to impose a duty to mitigate damages on

---

4.     As a preliminary matter, Defendants have properly pleaded facts that support all of their affirmative defenses. Defendants' Answer to Amended Complaint (ECF No. 64) sets forth facts sufficient to put Plaintiffs on notice of all of Defendants' affirmative defenses. The parties dispute whether Defendants' affirmative defenses must satisfy the plausibility standard of *Twombly* and *Iqbal*. The Court need not decide that issue, as it concludes Defendants' defenses meet that standard. For that reason, Plaintiffs' arguments as to Defendants' sixth affirmative defense fail.

employees making FLSA claims.  Accordingly, Plaintiffs' motion is granted as to Defendants' eighth defense.

Second, Plaintiffs move for summary judgment as to Defendants' unclean hands defense. As willfulness closely relates to Defendants' unclean hands defense, the Court declines to reach Plaintiffs' Motion as to this ground.  However, the Court grants Plaintiffs leave to re-file when the willfulness issue becomes ripe.

Third, Plaintiffs assert they are entitled to summary judgment as to Defendants' waiver, estoppel, and laches defenses.  Defendants' only rebuttal argument as to laches is that it is available as a defense to claims for equitable relief.  *See Mullins v. Universal Select*, No. 97-1220-Civ-J-21A, 1997 U.S. Dist. LEXIS 21348, at *4 (M.D. Fla. 1997).  The Court agrees. Accordingly, Plaintiffs' Motion is granted as to laches except as applicable where Plaintiffs seek equitable relief.  As to waiver, "'FLSA rights cannot be abridged by contract or otherwise waived.'"  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1983) (quoting *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 740 (1981)).  Thus, Plaintiffs' Motion is granted as to waiver.  Last, as to Defendants' estoppel defense, Plaintiffs assert that estoppel is not recognized as a defense under the FLSA except under the good-faith defense contained in the Portal-to-Portal Act.  However, Defendants correctly state that a number of courts, including at least one district court in the Fourth Circuit, have recognized the equitable estoppel defense in the FLSA context.  *See e.g., McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998); *Brumbelow v. Quality Mills*, 462 F.2d 1324, 1327 (5th Cir. 1972); *Butler v. DirectSAT USA, LLC*, 55 F. Supp. 3d 793, 804 (D. Md. Oct. 16, 2014).  The common ingredient in these cases was the employees' failure to either record or report all their work hours.  Defendants have demonstrated a genuine issue of material fact as to the estoppel defense

by producing evidence that, when viewed in the light most favorable to them, could be sufficient to support such a defense.  Defendants have shown that they paid their employees for the hours that those employees reported, including overtime, and therefore Defendants believe they are entitled to an equitable estoppel defense.  Accordingly, Plaintiffs' Motion is denied as to Defendants' equitable estoppel defense.

Fourth, Plaintiffs move for summary judgment as to Defendants' breach of fiduciary duty or duty of loyalty defense.  Defendants have produced testimony from Plaintiffs Bradley, Crawford, Maynard, McLean, and Schubert demonstrating those Plaintiffs went to work for competing timeshare companies immediately after leaving Defendants' employment.  However, Defendants have not produced any evidence tending to show that any Plaintiff was concurrently employed by both Defendants and their competitors.  Accordingly, Plaintiffs' Motion is granted as to Defendants' breach of fiduciary duty defense.[5]

Finally, Plaintiffs move for summary judgment as to Defendants' good-faith defense asserted pursuant to § 10 of the Portal-to-Portal Act, codified as amended at 29 U.S.C. § 259(a).  As with willfulness and the associated three year statute of limitations, it is premature to decide whether Defendants' actions were taken in good faith without first determining liability.  *See, e.g.*, *Regan*, 2015 WL 5331627, at *13; *Espenscheid v. DirectSAT USA, LLC*, No. 09-cv-625, 2011 WL 10069108, at *30 (W.D. Wis. Apr. 11, 2011); *Bleichner v. Spies Painting & Decorating, Inc.*, No. 08-cv-057-bbc, 2009 WL 281145, at *8 (W.D. Wis. Feb. 3, 2009).  Thus, the Court declines to reach Plaintiffs' Motion as to Defendants' § 259 good faith defense.

***Plaintiffs' Motion in Limine***

## ANALYSIS

---

5.     The Court notes that it is unclear whether a breach of fiduciary defense is recognized under the FLSA. However, due to Defendants' failure to produce any evidence tending to show that Plaintiffs breached a fiduciary duty, the Court does not reach that question.

Plaintiffs' Motion seeks to prevent Defendants from introducing thirty-one various categories of evidence.  The Court notes several things at the outset.  First, throughout their Motion, Plaintiffs refer to the case as if it were to be tried to a jury.  As Defendants correctly note, the Court struck Plaintiffs' jury demand in its July 29, 2014 Order (ECF No. 16).  Accordingly, the Court finds Plaintiffs' grounds for excluding evidence from the presence of the jury unpersuasive.  However, where appropriate, the Court will construe Plaintiffs' Motion as if Plaintiffs intended to limit the evidence presented to the Court during a bench trial.  The Court also notes that Plaintiffs' grounds for excluding evidence are phrased without precision or specificity.  As discussed further herein, where the Court is unable to determine the limit or meaning of Plaintiffs' requested exclusion, the Court will deny Plaintiffs' Motion.  Nonetheless, should Plaintiffs wish to object at trial under any of the Federal Rules of Evidence, Plaintiffs are free to do so.  As detailed herein, Plaintiffs' Motion is granted in part and denied in part.  The Court will address each of Plaintiffs' grounds in the order in which they appear in Plaintiffs' Motion.

1. **That any Plaintiff has received, has been entitled to receive, will receive, or will become entitled to receive, benefits of any kind or character from a collateral source, including, but not limited to, the following:**
   a. **Compensation for time not actually worked;**
   b. **Services furnished without charge;**
   c. **Unemployment compensation;**
   d. **Benefits from collateral insurance coverage;**
   e. **Loans or gifts;**
   f. **Funds from an employee retirement fund; or**
   g. **Contributions towards payment of attorney fees.**

Plaintiffs' Motion[6] is denied.  The lack of specificity and the potential probative value of the evidence Plaintiffs seek to exclude is fatal to Plaintiffs' request.  The Court agrees with Defendants that evidence of unemployment compensation could be highly probative of whether

---

6.     For purposes of Plaintiffs' Motion in Limine, the Court will refer to each request to exclude as its own separate motion.

or not an employee was working overtime. Additionally, the Court is not willing to categorically

exclude all evidence of collateral source benefits.

2. **That any Plaintiff has been accused of, or in fact found guilty of, any criminal activity. In this contention, Plaintiff would show the Court that he or she has never been convicted of any crime involving moral turpitude which conviction would be admissible in impeachment of Plaintiffs' credibility, or that any such conviction occurred at a time too remote from the present to be relevant to Plaintiffs' credibility as a witness in the trial of this cause.**

Plaintiffs' Motion is denied. Rules 403, 404, and 609 of the Federal Rules of Evidence provide

the necessary guidance for the Court in determining whether evidence of a prior conviction is

admissible. Thus, the Court need not exclude any evidence of any Plaintiff's criminal activity.

3. **That Plaintiffs have unrelated, prior or subsequent claims, suits or settlements, or the amounts thereof.**

Plaintiffs' Motion is denied. The Court finds that evidence of unrelated prior claims made by

any Plaintiffs may be probative of each Plaintiff's credibility.

4. **That any recovery by the Plaintiffs either would or would not be subject to federal income tax or any other form of taxation.**

Plaintiffs' Motion is granted. Defendants state they do not intend to offer any evidence on this

point.

5. **The time or circumstances under which Plaintiffs employed their attorney.**

Plaintiffs' Motion is granted with the limited exception that if attorneys' fees become an issue,

Defendants may offer such evidence at that time.

6. **That Plaintiffs have not called to testify any witness equally available to both parties in this cause. In this connection, Plaintiff moves that Defendants' counsel further be instructed not to suggest to the jury by argument or otherwise what would have been the testimony of any witness not actually called.**

Plaintiffs' Motion is granted. However, the Court notes that if Defendants are to be foreclosed

from suggesting what a witness would have said had he been called, Plaintiffs should be bound

by the same limitation.  Defendants may object to Plaintiffs' use of representative testimony if and when that issue arises.

    **7.**   **That the Defendant[s] not mention, state or infer to the jury the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause.  This request does not seek to exclude deposition testimony taken in this lawsuit.**

Plaintiffs' Motion is granted.  As just discussed above, Defendants' obligation not to introduce the hypothetical testimony of an absent witness in any way should, in the interest of fairness, also be applied to Plaintiffs.

    **8.**   **That should the Defendant[s] wish to introduce any photographs, videotape, audiotape or motion picture film into evidence, that the same be tendered to the Court and opposing counsel, outside of the presence of the jury, and shown or exhibited to determine its relevance and suitability for introduction into evidence prior to and before informing the jury as to its existence or its tender into evidence by the Defendant.**

Plaintiffs' Motion is denied.  Plaintiffs' request for what amounts to an *in camera* review of evidence is unnecessary in light of the Court's Order striking Plaintiffs' jury demand.

    **9.**   **The possible effect or results of a claim, suit or judgment upon the insurance rates, premiums, or charges either generally or as particularly applied to the party or employer in question as a result of this or any other matter.**

Plaintiff's Motion is granted.  Defendants state that they do not intend to offer this type of evidence.

    **10.**   **That tax dollars may be used to pay a verdict or judgment favorable to Plaintiffs, or the effect of a verdict or judgment favorable to Plaintiffs on taxes.**

Plaintiff's Motion is granted.  Defendants state that they do not intend to offer this type of evidence.

    **11.**   **That Plaintiffs will or may be entitled to pre-judgment interest on any amounts awarded, or any suggestion that such interest may greatly increase the amount owed to the Plaintiffs.**

Plaintiffs' Motion is denied.  The question of whether prejudgment interest applies is a question of law that may be properly argued before the Court should Defendants be found liable.

12. **That an award of liquidated, exemplary or punitive damages to Plaintiffs would constitute a "windfall", or words to the effect that such damages would constitute an undeserved reward to Plaintiffs.**

Plaintiffs' Motion is denied.  The Court will decide whether liquidated damages are available to Plaintiffs upon its determination of whether Defendants' alleged violations were willful.  Additionally, the Court will not be swayed by the term "windfall" or any similar language.

13. **That the Defendant[s] be instructed not to make demands or requests before the jury for matters found or contained in Plaintiffs' files, which would include statements, pleadings, photographs, and other documents, nor to demand other requests during the course of the trial and in the presence of the jury.**

Plaintiffs' Motion is denied.  The Court will not be affected by this behavior.

14. **Any opinion testimony from any expert witness whose opinions, and the bases for those opinions, [that] were not timely presented to Plaintiff by Defendants in accordance with the April 10, 2015 Scheduling Order.**

Plaintiffs' Motion is granted.  However, the Court notes that such exclusion of expert testimony is to be equally applied to both Plaintiffs and Defendants.  Additionally, the Court does not construe Plaintiffs' Motion as restricting lay opinions in accordance with the Federal Rules of Evidence.

15. **Any evidence from witnesses who were not timely and properly identified in Defendants' witness list produced pursuant to the Scheduling Order.**

Plaintiffs' Motion is granted.  However, the Court notes that such exclusion of witnesses not identified in a witness list shall be mutual and that any rebuttal or impeachment witnesses shall not be excluded by this ruling.

16. **Any documentary evidence not timely furnished in response to Plaintiff's Request for Production of Documents, with the exception of true rebuttal documents.**

Plaintiffs' Motion is granted.  The Court construes Defendants' partial objection as being within

the exception specified by Plaintiffs for true rebuttal documents.

> **17. Any testimony, documents or other evidence concerning any medical condition suffered by Plaintiff or for which he has been treated, other than evidence related to Plaintiff's mental state following his termination.**

Plaintiffs' Motion is denied.   As discussed by Defendants, evidence of various Plaintiffs'

medical histories may be probative of whether Plaintiffs truly worked overtime.

> **18. Any medical, psychiatric or psychological record concerning Plaintiffs, obtained by Defendant[s] through discovery or otherwise, which was not timely furnished to Plaintiffs in response to discovery requests.**

Plaintiffs' Motion is denied.  Defendants state that Plaintiffs never requested any medical records

in discovery.   Accordingly, there can be no such documents that Defendants failed to timely

furnish to Plaintiffs.

> **19. Any allegation that a Plaintiff's work performance prior to his termination was not satisfactory.**

Plaintiffs' Motion is denied.  Plaintiffs' work performance prior to termination may be probative

of credibility.  Thus, the Court declines to categorically exclude such evidence.

> **20. Any allegations that any Plaintiff engaged in employee misconduct prior to May 9, 2014 since Defendant[s] do not contend in [their] Answer that any prior misconduct by Plaintiff played a role in the termination of Plaintiff's employment.**

Plaintiffs' Motion is denied.  Plaintiffs' employee misconduct prior to May 9, 2014, may be

probative of credibility.  Thus, the Court declines to categorically exclude such evidence.

> **21. Any testimony or other evidence of so-called "after acquired evidence" of misconduct by Plaintiffs during their employment with Wyndham Vacation Resorts, Inc. or Wyndham Vacation Ownership, Inc.**

Plaintiffs' Motion is denied.  The Court agrees with Defendants that any after-acquired evidence

may be properly dealt with at trial.

**22. Any hearsay testimony, documents or evidence concerning allegations of poor performance or misconduct by Plaintiffs, if offered to prove the truth of the matter asserted.**

Plaintiffs' Motion is denied.  The Court finds that the Federal Rules of Evidence will sufficiently protect Plaintiffs from any hearsay evidence of poor performance or misconduct.

**23. Any testimony or evidence concerning alleged misconduct by Plaintiffs during employment occurring prior to or after Plaintiffs' employment by the Defendants.**

Plaintiffs' Motion is denied.  As with several other grounds, the Court finds that Plaintiffs' misconduct before and after their employment with Defendants could be probative of Plaintiffs' credibility and, as with all other evidence, it would be analyzed by the Court in accordance with Rule 403.

**24. That Plaintiff previously or subsequently was terminated or disciplined by any employer other than the Defendants.**

Plaintiffs' Motion is denied.  As with misconduct, termination or discipline by other employers could be relevant to Plaintiffs' credibility.

**25. Any request or demand in the presence of the jury for a stipulation to any fact, or that counsel admit or deny any fact.**

Plaintiffs' Motion is denied.  The Court will not be affected if counsel request or demand a stipulation, admission, or denial of a fact.

**26. Any objection based on Plaintiffs' alleged failure to disclose evidence in pre-trial discovery, unless Defendants' counsel first approaches the bench and requests to urge such objection outside of the hearing of the jury.**

Plaintiffs' Motion is denied.  Requiring counsel to approach the bench would be needless without the presence of a jury.

**27. The contents of any pleadings which have been superseded by the current pleadings on file in this case.**

Plaintiffs' Motion is denied. Each pleading, even if superseded, should be available as evidence. Counsel may clarify where an amendment has been made, but the Court will not exclude pleadings filed in this case.

**28. Any evidence which is inconsistent with, or conflicts with, any joint stipulation entered into between the parties to this lawsuit.**

Plaintiffs' Motion is denied. As stated by Defendants, no stipulations have been entered into at this time. Accordingly, any ruling by the Court would be premature.

**29. All rulings made by the Court on pre-trial matters.**

Plaintiffs' Motion is denied. Excluding from trial any pre-trial rulings made by the Court would essentially ask the Court to blind itself. Such an approach is neither practical nor warranted.

**30. That this motion has been presented to or ruled upon by the Court. In this connection, Plaintiffs move that Defendants' counsel be instructed not to suggest to the jury by argument or otherwise that Plaintiffs have sought to exclude from proof any matter bearing on the issues in this cause or the rights of the parties to this suit.**

Plaintiffs' Motion is denied. As just discussed, there is no reason to require Plaintiffs' counsel or Defendants' counsel to avoid discussing the Court's prior rulings, much less the present ruling.

**31. Any information or documents that w[ere] not previously produced in discovery.**

Plaintiffs' Motion is denied. As discussed by Defendants, the Federal Rules of Evidence and Civil Procedure permit certain information and documents to be admitted as evidence even where not produced in discovery. Although there might be a case in which it made sense to foreclose the parties from producing such evidence at trial, Plaintiffs have not made a compelling argument here. Accordingly, the Court declines to grant Plaintiffs' Motion as to all information or documents not previously disclosed in discovery.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion for Equitable Tolling is **GRANTED IN PART** and **DENIED IN PART.**

It is further **ORDERED** that Plaintiffs' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART.**

It is further **ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART.**

It is further **ORDERED** that Plaintiffs' Motion in Limine is **GRANTED IN PART** and **DENIED IN PART.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**January 29, 2016**
**Charleston, South Carolina**