# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Richard Reynolds, Sharon Linick, ) | |
| Linda Neely, Joseph Schubert, ) | |
| Doreen Mastandrea, Jonathan Anderson, ) | C.A. No.: 4:14-cv-2261-PMD |
| Steven Bradley, Gerry Conklin, ) | |
| Jennifer Crawford, Daniel Delpriora, ) | |
| John Maynard, April Mclean, ) | **ORDER** |
| Mike Smith, William Suitt, ) | |
| Donna Weinberg, Larry Marshall, ) | |
| Michelle Johnson, and Edmundo Velasco, ) | |
| individually and on behalf of other ) | |
| employees similarly situated, ) | |
|    ) | |
|             Plaintiffs, ) | |
|    ) | |
|             v. ) | |
|    ) | |
| Wyndham Vacation Resorts, Inc., and ) | |
| Wyndham Vacation Ownership, Inc., ) | |
|    ) | |
|             Defendants. ) | |

This matter is before the Court on Defendants' Petition for Certification of an Interlocutory Appeal (ECF No. 143) and Motion to Stay (ECF No. 158). For the reasons set forth herein, both motions are denied.

## BACKGROUND

On June 10, 2014, Plaintiffs commenced this action on behalf of themselves and others similarly situated, seeking unpaid minimum wages and unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The named Plaintiffs, as well as those who have subsequently given notice of their consent to join this action, are current or former sales representatives of Wyndham Vacation Resorts, Inc. Plaintiffs seek recovery from Wyndham Vacation Resorts, Inc. and Wyndham Vacation Ownership, Inc. (collectively,

"Defendants"). Defendants previously moved for summary judgment on the ground that Plaintiffs were subject to the retail or service establishment exemption found in 29 U.S.C. § 207(i). The Court denied Defendants' motion in its January 29, 2016 Order, holding that the § 207(i) exemption did not apply to Plaintiffs.

## PROCEDURAL HISTORY

Defendants filed their Petition for Certification of an Interlocutory Appeal on February 24, 2016. Plaintiffs filed their Response in Opposition on March 14, and Defendants filed a Reply on March 24. Defendants also filed a Motion to Stay on April 8, and Plaintiffs filed a Response in Opposition on April 25. Accordingly, these matters are now ripe for consideration.

## LEGAL STANDARD

28 U.S.C. § 1292(b) provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

## DISCUSSION

Defendants have requested that the Court amend its January 29 order to include the following language:

> CERTIFICATION FOR INTERLOCUTORY APPEAL
>
> The Court is of the opinion that the question of whether Plaintiffs are exempt from the overtime and minimum wage provisions of the FLSA pursuant to 29 U.S.C. § 207(i) involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

(Defs.' Pet. Certification Interlocutory Appeal, ECF No. 143, at 8.) In order to certify Defendants' proposed question to the Fourth Circuit, that question must present a controlling

question of law. "In FLSA exemption cases, . . . the ultimate question of whether the exemption applies is a question of law." *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 120 (4th Cir. 2015). However, "[a] question of law is usually considered to be controlling within the meaning of § 1292(b) if the case would have ended had the district court ruled in the opposite way." *Anselmo v. W. Paces Hotel Grp., LLC*, No. 9:09-cv-2466-MBS, 2011 WL 1049195, at *21 (D.S.C. Mar. 18, 2011) (citing *City of Charleston v. Hotels.com*, 586 F. Supp. 2d 538, 542 (D.S.C. 2008)); *see also Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (table) ("[C]ertainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation . . . .").

Although the Court agrees that the § 207(i) exemption is a question of law, it is not dispositive. This case would not have ended if the Court had ruled in Defendants' favor on the question of the § 207(i) exemption. In fact, a number of issues would still need to be addressed. For example, as Defendants admit, the Court would have to determine which weeks various employees were exempt pursuant to § 207(i). One or both of the parties would likely move for summary judgment on that point, effectively moving the case backward. Such a move would not materially advance the termination of this litigation. Because the § 207(i) exemption is not dispositive, and because certifying an interlocutory appeal would not materially advance the termination of this litigation, the Court denies Defendants' petition. As a result, there is no reason for the Court to grant Defendants' corresponding Motion to Stay.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Petition for Certification of an Interlocutory Appeal is **DENIED**.

It is further **ORDERED** that Defendants' Motion to Stay is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**May 4, 2016**
**Charleston, South Carolina**